# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| **BRANDON DAVID GRISSETT**, <br><br> Plaintiff, <br><br> v. <br><br> **ANDREW DAVENPORT**, **UTAH DEPARTMENT OF PUBLIC SAFETY** and **UTAH HIGHWAY PATROL**, <br><br> Defendants. | **MEMORANDUM DECISION & ORDER** <br><br> Case No. 1:13-cv-00155 <br><br> United States District Court Judge Clark Waddoups <br><br> Magistrate Judge Dustin Pead |

This matter was referred to Magistrate Judge Dustin Pead by District Judge Clark Waddoups pursuant to 28 U.S.C. §636(b)(1)(B) (doc. 6).

On October 30, 2013, Judge Pead granted Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. §1915 (doc. 2). Currently pending before the Court is Brandon David Grissett's (Plaintiff) Motion For Appointment of Counsel (doc. 4) and Motion For Service of Process (doc 5).

## BACKGROUND

Plaintiff filed his Complaint pursuant to 42 U.S.C. §1983 against Defendants Andrew Davenport, whom Plaintiff identifies as a Sargent with the Utah Highway Patrol, the Department of Public Safety and the Utah Highway Patrol (collectively, Defendants). In general, Plaintiff alleges that he was "incarcerated and vitomized [sic] by Sgt. Davenport in [sic] more than one time" resulting in emotional, spiritual and financial injury (doc. 3). Although difficult to discern, Plaintiff appears to allege that his false incarceration was based upon improper representations

made to the Court by Defendant Davenport. Id.

## ANALYSIS

Plaintiff is proceeding pursuant to 28 U.S.C. §1915 without prepayment of fees (doc. 2). Section 1915(e) provides that the Court shall "dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. §1915(e)(2)(B)(ii). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint should not be dismissed for failure to state a claim unless it "appears beyond a doubt that a plaintiff cannot prove any set of facts entitling [plaintiff] to relief." *Gonzales v City of Castle Rock,* 366 F.3d 1093, 1096 (10th Cir. 2004), *rev'd* on other grounds, 125 S. Ct. 2796 (2005); *see also Ruiz v. McDonnell,* 299 F.3d 1173, 1181 (10th Cir. 2002). However, "[t]he court is not bound by a complaint's legal conclusions, deductions and opinions couched as facts." *Margae, Inc. v. Clear Link Techs. LLC,* 620 F. Supp 2d 1284, 1285 (10th Cir. 2009) (citing, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007)). And, "though all reasonable inferences must be drawn in the non-moving party's favor, a complaint will only survive a motion to dismiss if it contains 'enough facts to state a claim to relief that is plausible on its face.' " Id. (citing, *Twombly,* 127 S. Ct. at 1969) (internal citations omitted).

Section 1983 of Title 42 United States Code, provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State. . ., subjects, or causes to be subjected, any citizen of the Untied States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law. . .

Thus, in order to prevail on a §1983 claim, a plaintiff "must prove that (1) a person (2) acting under color of state law (3) violated the plaintiff's federal constitutional or statutory rights."

*Walker v. Zepeda,* 2012 U.S. Dist LEXIS 74386, *11 (D. Colo.), 1:11-cv-01242-DME-CBS.

Upon review, the Court concludes that Plaintiff's complaint fails to provide the information necessary to state a cause of action under Section 1983. The complaint itself provides very little information and offers few facts, if any, to state a claim for relief that is plausible on its face. Given the failure of Plaintiff's complaint, *sua sponte* dismissal of this action by the Court pursuant to Section 1915(e) may be proper. *See Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). However, in accordance with the preferred practice of allowing plaintiff an opportunity to amend, the Court shall allow Plaintiff the opportunity to remedy his complaint. *See McKinney v. State of Oklahoma,* 925 F.2d 363, 365 (10th Cir. 1991). As a result, Plaintiff shall have fourteen (14) days from the date of this Order to file an amended complaint addressing the deficiencies of his current complaint. Failure to do so shall result in the dismissal of Plaintiff's claims. Plaintiff's Motion For Service of Process (doc. 5) is hereby denied without prejudice to the extent that Plaintiff may renew his motion after filing his amended complaint.

Also before the Court is Plaintiff's Motion For Appointment of Counsel (doc. 4). As stated previously, Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. §1915 (doc. 2). That section indicates that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1). The appointment of counsel under the statute is, however, at the discretion of the Court. *See McCarthy v. Weinberg,* 753 F.2d 836, 838 (10th Cir. 1985). When deciding whether to appoint counsel, the Court should consider a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*,

926 F.2d 994,996) (10th Cir. 1991)).

Considering the above factors in relation to this case, the Court concludes that Plaintiff has failed to adequately set forth his claims. As a result, Plaintiff fails to meet the burden for the appointment of counsel and his motion is denied. If, as the matter develops, it appear that counsel may be necessary or of special assistance, the Court may choose to exercise its discretion and appoint an attorney to represent Plaintiff pro bono.

## **ORDER**

Based upon the foregoing, Plaintiff is ORDERED to file an amended complaint within fourteen (14) days from the date of this Order. The amended complaint shall set forth a statement of the claim, along with supporting facts, showing that Plaintiff is entitled to the relief he seeks. Based thereon, Plaintiff's Motion For Service of Process is DENIED without prejudice (doc. 5).

IT IS FURTHER ORDERED that Plaintiff's Motion For Appointment of Counsel (doc. 4) is DENIED. As the matter develops, if it appears that counsel may be necessary or of special help the Court may choose to exercise its discretion and appoint an attorney to represent Plaintiff pro bono.

**IT IS SO ORDERED**.

DATED this 7th day of November, 2013.

_____
Dustin Pead
U.S. Federal Magistrate Judge